UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAVIER CALDERON,

    Plaintiff,

v.

C. KOENIG, et al.,

    Defendants.

Case No. 19-cv-06112-VKD

**ORDER OF SERVICE; CASE MANAGEMENT SCHEDULE; INSTRUCTIONS TO CLERK**

Pro se plaintiff Javier Calderon filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF") in Soledad, where he is currently incarcerated.[1] Mr. Calderon's motion for leave to proceed in forma pauperis has been granted. Dkt Nos. 5, 11.

## I.  STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

---

[1] Mr. Calderon has consented to magistrate judge jurisdiction. Dkt. No. 6.

that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. DISCUSSION

Mr. Calderon sues Warden C. Koenig and Central Facility Captain C. Freeman at CTF for injuries he suffered as a result of a riot that took place on August 5, 2018. Dkt. No. 1 at ¶¶ 18-20. Mr. Calderon alleges that the riot involved about 100 STG[2] prisoners and was "sanctioned by shot-callers as retribution for the violence currently taking place at other prisons." *Id.* ¶¶ 17-18. Mr. Calderon states that he is not an STG prisoner, but that he was attacked with rocks and blunt objects, as well as kicked, punched, and stomped by multiple STG affiliated prisoners. *Id.* ¶ 18. His injuries include vision loss, dizziness, hearing loss, headaches, ringing in his ears, and neck and back pain. *Id.* ¶ 19. Mr. Calderon states that his sister contacted the prison on August 2, 2018, and personally spoke with Captain Freeman, advising him that a riot was expected to take place on her brother's prison yard and that he was afraid for his safety. *Id.* ¶¶ 17. Mr. Calderon alleges that defendants Koenig and Freeman did nothing to prevent the anticipated violence or protect Mr. Calderon. *Id.* ¶ 20. Mr. Calderon also alleges that defendants failed to adhere to the settlement agreement stipulated in *Ashker, et al. v. Governor of the State of California, et al.*, Case No. C-09-05796-CW (N.D. Cal.),[3] and this failure led to his injuries. *Id.* ¶¶ 10-12, 20, 24. Based on the foregoing, Mr. Calderon asserts that defendants' failure to protect him or take reasonable steps to abate harm violated the Eighth Amendment. *Id.* ¶ 1, 4-5. Liberally construed, Mr. Calderon states a cognizable claim against defendants for their failure to protect him from attacks from other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040–42 (9th Cir. 2005).

Mr. Calderon relies on the *Ashker* settlement agreement as a basis for attacking defendants'

---

[2] STG is an abbreviation for "Security Threat Groups."

[3] According to Mr. Calderon, the *Ashker* settlement was the result of a class action suit filed by prisoners being held in the SHU for indeterminate terms. Dkt. No. 1 at 8–9. The settlement agreement included new criteria for placement in the SHU, administrative segregation, or the step-down program, and an amendment of the SHU Assessment Chart. *Id.* at 9.

1  failure to act to protect his safety. Dkt. No. 1 ¶¶ 4-5, 20. However, Mr. Calderon's complaint
2  does not allege that he is a member of the *Ashker* class or that he is a third-party beneficiary of the
3  settlement agreement in that action. *See GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v.*
4  *JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("The fact that a third
5  party may incidentally benefit under the contract does not confer on him the right to sue; instead,
6  the parties must have intended to benefit the third party."). Rather, Mr. Calderon appears to
7  contend that defendants failed to exercise their authority under the *Ashker* agreement to remove
8  STG shot-callers who create a disturbance or promote disruptive behavior at any prison facility,
9  and that their failure to do so led to the riot that occurred on August 5, 2018, and Mr. Calderon's
10 injuries. Dkt. No. 1 ¶¶ 20-21. Liberally construed, this allegation supports Mr. Calderon's Eighth
11 Amendment claim that defendants failed to take reasonable steps to abate a known excessive risk
12 to his safety. *See Farmer*, 511 U.S. at 837.

### III. CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order on **defendants Warden C. Koenig and Captain C. Freeman (Central Facility)** at the **California Training Facility (P.O. Box 689, Soledad, CA 93960)**. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The Clerk shall mail a copy of this Order to Mr. Calderon.

2. The Court cautions defendants that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if after being notified of this action and asked by the Court on behalf of Mr. Calderon to waive service of the summons, defendants fail to so waive, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer **before sixty (60) days** from the day on which the

1 request for waiver was sent.  (This allows a longer time to respond than would be required if
2 formal service of summons is necessary.)  Defendants are asked to read the statement set forth at
3 the foot of the waiver form that more completely describes the duties of the parties with regard to
4 waiver of service of the summons.  If service is waived after the date provided in the Notice but
5 before defendants have been personally served, their answer shall be due sixty (60) days from the
6 date on which the request for waiver was sent or twenty (20) days from the date the waiver form is
7 filed, whichever is later.

8      3.     All communications from Mr. Calderon to the Court must be served on defendants,
9 or defendants' counsel once counsel has been designated, by mailing a true copy of the document
10 to defendants or defendants' counsel.

11      4.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
12 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
13 required before the parties may conduct discovery.

14      5.     It is Mr. Calderon's responsibility to prosecute this case.  Mr. Calderon must keep
15 the court informed of any change of address and must comply with the Court's orders in a timely
16 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
17 to Federal Rule of Civil Procedure 41(b).

18      6.     No later than **ninety-one** (**91) days** from the filing date of this order, defendants
19 may file a motion for summary judgment or other dispositive motion with respect to the claims in
20 the complaint found to be cognizable above.

21      a.     Any motion for summary judgment shall be supported by adequate factual
22 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
23 Procedure.  Defendants are advised that summary judgment cannot be granted, nor
24 qualified immunity found, if material facts are in dispute.  If any defendant is of the
25 opinion that this case cannot be resolved by summary judgment, he shall so inform the
26 Court prior to the date the summary judgment motion is due.

27      b.     **In the event defendants file a motion for summary judgment, the Ninth**
28 **Circuit has held that, as a pro se prisoner, Mr. Calderon must be concurrently**

4

**provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

7. Mr. Calderon's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  The Court advises Mr. Calderon to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Mr. Calderon is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by Mr. Calderon to the granting of the motion, and granting of judgment against Mr. Calderon without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

8. Defendants shall file a reply brief no later than **fourteen (14) days** after Mr. Calderon's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: May 18, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge