UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER CALDERON,

    Plaintiff,

v.

C. KOENIG, et al.,

    Defendants.

Case No. 19-cv-07949-HSG

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 24

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his safety. Now pending before the Court is plaintiff's request for appointment of counsel. Dkt. No. 24.

Plaintiff argues that appointment of counsel is needed because he is unable to afford counsel; he has limited access to the law library and the other materials necessary for proper legal research; he is a laymen at the law with little experience with legal research, reasoning, and writing; plaintiff has no knowledge regarding the relevant procedural and court rules; plaintiff does not know how to proceed next in this litigation; plaintiff has limited formal education and does not understand or comprehend complex legal reasoning or language; plaintiff has relied on other inmates to prepare his prior pleadings but assistance from other prisoners is difficult to obtain given the current conditions of confinement; the issues involved are complex and require serious and complex discovery proceedings; and plaintiff is unable to conduct discovery. Plaintiff further argues that fundamental fairness requires appointment of counsel, and that appointment of counsel would allow the Court to avoid entanglements and unnecessary delay.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman,* 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear, Plaintiff has thus far sufficiently articulated his claims *pro se*, and the issues presented are not unduly complex. Plaintiff's request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require. Dkt. No. 24.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 10/8/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2